# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ALLEN WARD,

    Petitioner,

    -vs-

WARDEN, Lebanon Correctional
  Institution,

    Respondent.

:

:

:

Case No. 1:09-cv-265

Chief Judge Susan J. Dlott
Magistrate Judge Michael R. Merz[1]

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Respondent's Motion to Dismiss on the ground that all of Petitioner's Grounds for Relief were procedurally defaulted in the state courts (Doc. No. 13). Petitioner opposes the Motion (Doc. No. 16).

### Motion to Dismiss

Judge Black's initial Order to Respondent in this case required the filing of "a return of writ responding to the allegations of the petition." (Order, Doc. No. 2, PageID 21) Among other things, Respondent is required to plead the State of Ohio's position on exhaustion, the statute of limitations, and procedural default. *Id..,* at ¶¶ 3, 4, & 6. On August 11, 2009, October 8, 2009, and December

---

[1]This case was transferred to Magistrate Judge Merz upon the appointment of Timothy S. Black to be a District Judge of this Court.

9, 2009, Respondent sought and received extensions of time to file an **answer**. Instead of filing an answer, however, Respondent filed the instant Motion to Dismiss.

Respondent does not state under what rule it brings the Motion to Dismiss. None of the Rules Governing § 2254 Cases provides for such a motion. When the Habeas Rules do not specify a procedure, it is appropriate to apply the Federal Rules of Civil Procedure. Habeas Rule 12. Therefore presumably Fed. R. Civ. P. 12 is the applicable rule. Procedural default is in the nature of an affirmative defense in a habeas corpus case in that it may be waived by failing to assert it. *Getsy v. Mitchell,* 495 F.3d 295, 317 (6th Cir. 2007)(en banc)(citing *Slagle v. Bagley*, 457 F.3d 501, 514 (6th Cir. 2006). Affirmative defenses can be raised and decided on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if they are apparent from the face of the pleadings. *Pierce v. County of Oakland,* 652 F.2d 671 (6th Cir. 1981); *Lundblad v. Celeste*, 874 F.2d 1097 (6th Cir. 1989).

The procedural defaults relied on by Respondent here are not apparent on the face of the pleadings. Moreover, the Court finds that allowing Respondent to litigate the procedural defaults separately from the merits would defeat the purpose of the Civil Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Particularly in non-capital habeas corpus cases where it is the petitioner's basic liberty interest which is at stake, there is not good cause to litigate the claims piecemeal, at least as a general matter. Finally, to reach the procedural default question, the Court would have to decide whether *Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004)(the discretion conferred by the Ohio rule on delayed appeals prevents that rule from being an adequate state ground of decision), is effectively overruled by *Beard v. Kindler*, 558 U.S. ___, 130 S. Ct. 612, 175 L. Ed 2d 417 (2009)("a discretionary rule can serve as an adequate ground to bar federal habeas review.")

In this case, the Court finds that Respondent's Motion is sufficiently complete and accompanied by sufficient portions of the state court record to permit an adjudication on the merits, including Respondent's procedural default defense. The following analysis deals with the case as ripe on the merits.

## Merits Analysis

Petitioner pleads three Grounds for Relief as follows:

> **Ground One:** Liberty Interest of Fourteenth Amendment denied where state court exceeded its sentencing authority.
>
> **Supporting Facts:** The state trial court sentenced Petitioner upon statutory elements that he was not given notice of or indicted for.
>
> **Ground Two:** Petitioner liberty interest under 14th Amendment denied where sentencing court violated separation of powers doctrine.
>
> **Supporting Facts:** Petitioner was sentenced pursuant to State v. Foster (2006) 109 Ohio St. 3d 1, 882 N.E. 2d 740 which is common-law and since no common-law offenses or sentences exist in Ohio the result violates the Ohio Constitution's Separation of Powers Doctrine made applicable to Ohio via the 14th Amendment's Due Process Clause, United States Constitution.
>
> **Ground Three:** Sixth and Fourteenth Amendment right to counsel denied where trial counsel ineffective.
>
> **Supporting Facts:** Trial counsel failed to recognize, argue and brief grounds one and two thereby rendering the ineffective assiatnce [sic] of counsel at trial.

(Petition, Doc. No. 1, PageID 5-8.)

**Ground One**

Petitioner was indicted on a total of eight counts: three counts of attempted aggravated murder, all with specifications; three counts of felonious assault, all with specifications; one count of carrying a concealed weapon; and one count of having weapons under disability, also with a specification (Indictment, Ex. 1 to Doc. No. 13, PageID 72-79). He gives the Court no clue in his Petition what elements he claims he was sentenced on that he was not given notice of. This claim was not raised in his attempted delayed appeal, so the Court cannot gain any understanding from that document. While a criminal defendant is certainly entitled under the Constitution to notice of what he is charged with, this Court cannot tell from the Petition (or from Petitioner's response to the Motion to Dismiss) what claim he is making in the first Ground for Relief. Under the circumstances, Ground One does not satisfy the requirement of Fed. R. Civ. P. 8 that a claim be pled with sufficient specificity for the Court to determine if it is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949-1950 ( 2009).

In addition, there is no federal constitutional right to grand jury indictment which is applicable to the States. *Hurtado v. California*, 110 U.S. 516 (1884); *Branzburg v. Hayes,* 408 U.S. 665, 687-88 n. 25 (1972) *Gerstein v. Pugh*, 420 U.S. 103 (1975); *Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006)(*Apprendi* does not change this result).

Ground One should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**Ground Two**

In Ground Two, Petitioner asserts his sentence violates the separation of powers doctrine. This Ground for Relief fails to state a claim upon which habeas corpus relief can be granted. While there is a federal separation of powers doctrine, that federal doctrine has never been applied to the States. Nor does separation of powers implicate a fundamental liberty interest. Put another way, there is no federal constitutional prohibition against a State having common law crimes defined by the courts rather than by the legislature

Many States also have a separation of powers doctrine as part of their own state constitution; Ohio is one of them. The doctrine of separation of powers is "implicitly embedded in the entire framework of those sections of the Ohio Constitution that define the substance and scope of powers granted to the three branches of state government." *State ex rel Bray v. Russell,* 89 Ohio St. 3d 132, 134 (2000), quoting *S. Euclid v. Jemison,* 28 Ohio St. 3d 157, 158-159, 503 N.E. 2d 136 (1986); *State v. Warner,* 55 Ohio St. 3d 31, 564 N.E. 2d 18 (1990); See *State ex rel Ohio Academy of Trial Lawyers v. Sheward,* 86 Ohio St. 3d 451, 715 N.E. 2d 1062 (1999). However, the question whether a particular judgment was entered in violation of the Ohio constitution is a question solely of Ohio law. Federal habeas courts can only grant relief for violations of the United States Constitution. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). Ground Two, like Ground One, does not state a claim for relief under the United States Constitution. On that basis, it should be dismissed without prejudice.

### Ground Three

In Ground Three, Petitioner claims his counsel were ineffective for failure to raise Grounds One and Two in the state courts. Since Grounds One and Two are without merit, it could not constitute ineffective assistance of trial counsel to fail to raise them. Ground Three should be dismissed with prejudice.

### Conclusion

Based on the foregoing analysis, the Petition herein should be dismissed – Grounds One and Two without prejudice; Ground Three with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

June 1, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Ward Habeas Merits R&R.wpd