# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ALLEN WARD,

      Petitioner,

:

Case No. 1:09-cv-265

:

     -vs-

Chief Judge Susan J. Dlott
Magistrate Judge Michael R. Merz[1]

WARDEN, Lebanon Correctional
 Institution,

:

      Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 21) to the Magistrate Judge's Report and Recommendations ("R&R," Doc. No. 19) recommending that the Petition be dismissed. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

### Ground One

The Magistrate Judge recommended Ground One be dismissed without prejudice because it was completely unclear what claim was being made. (R&R, Doc. No. 19, PageID 170, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937,

---

[1]This case was transferred to Magistrate Judge Merz upon the appointment of Timothy S. Black to be a District Judge of this Court.

1949-1950 ( 2009).)

Petitioner makes his claim much clearer in his Objections.  He now says that he was deprived of his Fourteenth Amendment Due Process rights when the state court "exceeded its sentencing authority in rendering judgment" (Objections, Doc. No. 21, PageID 180.)  The sentence of which Petitioner complains is a fifteen year sentence consisting of four years each on three counts of felonious assault and three years on a firearm specification, all to be served consecutively.[2]  Petitioner questions on what authority the three four-year sentences were made to run consecutively (Objections, Doc. No. 21, PageID 181.)[3]

In *Oregon v. Ice*, ___ U.S. ___, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009), the Supreme Court held that its *Apprendi/Blakely* line of cases did not apply to consecutive sentencing.  Petitioner apparently does not understand the import of *Ice*, because he writes:

> Although the United States Supreme Court's most recent holding in Oregon v. Ice,129 S.Ct. 711 (2009),negatives the Apprendi-Blakely as to a court imposing consecutive sentences, it did not overrule the maximum [sic] that all sentencing factors that allows a court to exceed a sentencing maximum, are to be treated as elements of the underlying crime itself. Cf. Blakely v. Washington,(2004),542 U.S. 466;Washington v.Recuenco,126 S.Ct.2546 (2006).

(Objections, Doc. No. 21, PageID 181.)  The whole point of Ice is that *Blakely* does not apply to the question of whether a state court can impose consecutive sentences.  The Supreme Court explained:

> The historical record demonstrates that the jury played no role in the

---

[2] Petitioner is also serving a concurrent sentence on counts seven and eight of the indictment on which he was found guilty by a jury.  He raises no claim about these concurrent sentences.

[3] Petitioner also raises no claim about the consecutive aspect of the firearm specification, which is required to be served consecutively under Ohio law.

> decision to impose sentences consecutively or concurrently. Rather, the choice rested exclusively with the judge. See, e.g., 1 J. Bishop, Criminal Law § 636, pp 649-650 (2d ed. 1858) ("[W]hen there are two or more convictions, on which sentence remains to be pronounced; the judgment may direct, that each succeeding period of imprisonment shall commence on the termination of the period next preceding."); A. Campbell, Law of Sentencing § 9:22, p 425 (3d ed. 2004) ("Firmly rooted in common law is the principle that the selection of either concurrent or consecutive sentences rests within the discretion of sentencing judges."). This was so in England before the founding of our Nation, and in the early American States. . . .The historical record further indicates that a judge's imposition of consecutive, rather than concurrent, sentences was the prevailing practice.

*Oregon v. Ice*, 129 S. Ct. 711, 718 (2009).

Petitioner then turns to Ohio Revised Code § 2901.03(A) for the proposition that there are no common law crimes in Ohio. The statute reads "No conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code." This statute codifies what has long been the law of Ohio. *Mitchell v. State*, 42 Ohio St. 383 (1884), citing *Key v. Vattier*, 1 Ohio 132, 144 (1823); *Winn v. State,* 10 Ohio 345 (1841); *Vanvalkenburgh v. State*, 11 Ohio 404 (1842); *Allen v. State,* 10 Ohio St. 287, 301(1859); *Smith v. State*, 12 Ohio St. 466, 469 (1861); *Knapp v. Thomas*, 39 Ohio St. 377, 385 (1883).

The distinction, which Petitioner fails to draw but which is crucial on this question, is between common law **offenses** and common law criminal procedure. The General Assembly has the exclusive power to decide what conduct will be punished, but adoption of criminal procedure is expressly granted to the Ohio Supreme Court in the Modern Courts Amendment to the Ohio Constitution.

Petitioner is correct that a judge cannot exceed the maximum sentence provided by statute

for an offense; to do so would run afoul of the Due Process Clause.  But Petitioner was sentenced in this case for three separate acts of felonious assault and each four-year sentence was considerably less than the maximum prescribed for that offense by Ohio law.

Petitioner argues that the state court lacked subject matter jurisdiction to impose this sentence but cites no authority for that proposition.  If the sentencing court had lacked jurisdiction, this Court would have authority to issue the writ, but Common Pleas courts in Ohio are the courts with jurisdiction to sentence for felony offenses and nothing about this case deprived the sentencing court of jurisdiction.

## Ground Two

In Ground Two, Petitioner asserts his sentence violates the "Separation of Powers Doctrine of the Ohio Constitution" (Objections, Doc. No. 21, PageID 183).  In the R&R the Magistrate Judge recognized that Ohio has a constitutional doctrine of separation of powers, but concluded this claim was without merit because that state doctrine had never been held to be protected by the federal constitution (Doc. No. 19, PageID 171).

In his Objections, Petitioner argues that, just as 42 U.S.C. § 1983 protects "federal rights established elsewhere" in the conditions of confinement context, so 28 U.S.C. § 2254 should be held to protect rights such as those under the Ohio Separation of Powers Doctrine.

State law may create protectible liberty interests.  *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454 (1989). To create such a liberty interest, the State must use "'explicitly mandatory language,' i.e., specific directives to the decisionmaker that if the regulations' substantive

predicates are present, a particular outcome must follow, in order to create a liberty interest." *Kentucky Dept. of Corrections, supra,* citing *Hewitt v. Helms*, 459 U.S. 460, at 471-72 (1983). State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory. *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir. 1993).

Petitioner however points to no explicit mandatory language in the Ohio Constitution that creates anything like the right he is claiming, to wit, the right not to have the Ohio Supreme Court sever unconstitutional portions of Senate Bill 2 as it did in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006). Petitioner further points to no Ohio case law holding that such a right exists and no United States Supreme Court law clearly establishing that any state separation of powers doctrine creates a liberty interest in an individual protectible by the Fourteenth Amendment. Even if the United States Supreme Court now, in this case or another contemporary case, made such a ruling, it would not apply to Petitioner because newly-created/recognized rights do not apply to cases pending on collateral review. *Teague v. Lane*, 489 U.S. 288 (1989).

On the merits of Ground Two, Petitioner argues no authority for consecutive sentences exists in Ohio because the Ohio Supreme Court in Foster severed Ohio Revised Code § 2929.14(E), which Petitioner claims was the only authority for imposing consecutive sentences. That is clearly a question of Ohio law and Petitioner's proposition is contrary to the holding in *Foster* that authority for consecutive sentencing continues to exist. *See State v. Elmore*, 122 Ohio St. 3d 472 (2009).

**Ground Three**

In Ground Three, Petitioner claims his trial counsel was ineffective for failure to raise Grounds One and Two in the state courts. The R&R recommends dismissal on the rationale that since Grounds One and Two are without merit, it could not constitute ineffective assistance of trial counsel to fail to raise them. In his Objections, Petitioner argues as if he had made an ineffective assistance of appellate counsel claim in the Petition. Regardless of which claim is being made, it is meritless because Grounds One and Two are far from being the "dead-bang winners" Petitioner claims. Ground Three should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended the Petition herein should be dismissed with prejudice[4]. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

July 15, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

---

[4] The Magistrate Judge had originally recommended that Grounds One and Two be dismissed without prejudice because it was not clear exactly what Petitioner was claiming. However, the Objections make it clear that Petitioner could not amend Ground One or Ground Two in a way that would make it viable. Hence the recommendation to dismiss with prejudice.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Ward Habeas Merits Supp R&R.wpd